Cause No. _____ 30,830-16

William Earl Durham, Relator      §      IN THE COURT

     §      OF CRIMINAL

vs.      §      APPEALS FOR

     §      THE STATE OF

Donna G. Brown, Liberty County      §      TEXAS

District Clerk, Respondent      §

---

## MOTION FOR LEAVE TO FILE A
## WRIT OF MANDAMUS

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 24 2015

Abel Acosta, Clerk

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Relator, William Durham and ask that the district clerk be ordered to forward the application for writ of Habeas Corpus to the Court of Criminal Appeals and in support thereof will show.

### I.

Relator filed his Application for Writ of HabeaSsCorpus on July 2, 2015 with the Liberty COunty District Clerk , Donna G. Brown and has heard nothing from the clerk during this time.

### II.

Relator proffers that the District Clerk has a Minsterial Duty to perform her task as outlined and listed in the Texas Statues and herein Donna Brown has refused to execute the writ and is in violation of Texas Code Criminal Procedure Ann art. 11.60.

Relator tenders that the clerk of the district cour has no authority to continue to hold his application for writ of habeas corpus, and is under a ministerial duty to immediately forward application related records to the Côurt of Criminal Appeals, where untimely order disignating issues, which directed the clerk to forward that habeas application from this relator has gone unheard.

Relator contends that when a person files a application for a writ of habeas cirpus challenging a fianl conviction with the clerk of the court in which the conviction was obtained, the clerk shall assign the application to that trial court and send a copy of the application to the Attorney representing the state either Certified mail or personal service.. Tex. Code Crim. Proc. Ann art. §11.07 3(b).    The state then has 15 days to respond to the allegations in the writ application.  Tex. Code Crim. Proc. 11.07 § 3(b).

After the expiration of the time allowed for the state to respond, the trial court is allowed an additional 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicants confiement. Tex. Code Crim. Proc. 11.07 § 3(c). THIS PROVISION IS MANDATORY..

Texas Code. Crim. Proc. 11.07 does not authorize the trial court to extend the time limitations imposed by the statute, other than by a  timely entry of an order designating issues, Art. 11.07 imposes a duty upon the clerk of the trial court to immediately transmit to  the Court of Criminal Appeal the record from the application for a writ of habeas corpus . Deeming the trial  courts inaction a finding that there was no issues of fact require further resolution Tex. Code Crim. Proc. 11.07 § 3(c).  Blackledge v. Allison  431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed 2d 136 (1977), Ex Parte Ramzy, 424 S.W.2d 220, 223 (Tex. 1968).

## PRAYER

Relator respectfully prays that this Honroable Court of Criminal Appeals will issue an order of Mandamus instructing the Liberty County  District Clerk, Donna G. Brown to  transmit the records to the Texas Court of Criminal Appeals at Austin, Texas.

Respectfully submitted,